IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WAI HO ERIC TONG, #A201496791, | § § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:22-cv-1241-E-BN |
| UNITED STATES FEDERAL BUREAU OF PRISONS and GILES W. DALBY CORRECTIONAL FACILITY, | § § § § § | |
| Respondents. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Wai Ho Eric Tong, an immigration detainee in this district, filed a *pro se* "Notice of Motion and Motion to order Bureau of Prisons to furnish Petitioner not more than $500, under § 2241 and 5 U.S.C.S. § 701 (a)(2)" [Dkt. No. 3] (the Petition) and brief in support [Dkt. No. 4]. And United States District Judge Ada Brown referred this resulting action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Although this lawsuit was opened as a habeas proceeding, Tong does not seek release from custody. *Cf. Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017) ("[C]hallenges to the fact or duration of confinement are properly brought under habeas." (footnote omitted)). He instead moves the Court to order the Federal Bureau of Prisons (the BOP) to "furnish [him] with an amount of money, not more than $500, in order to provide the greatest likelihood of successful reintegration into the

community." Dkt. No. 3 at 1 (citing 18 U.S.C. § 3624). And, because Tong appears to seek an order compelling an agency of the United States to act, his action is best construed as seeking mandamus relief.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, construing Tong's request as seeking mandamus relief, the Court should deny the Petition.

## Legal Standards and Analysis

"Under 28 U.S.C. § 1361, district courts have original jurisdiction over 'any action in the nature of mandamus.'" *Mendoza-Tarango v. Flores*, 982 F.3d 395, 398 (5th Cir. 2020) (citation omitted). This "mandamus jurisdiction exists if the action is an attempt to compel an officer or employee of the United States or its agencies to perform an allegedly nondiscretionary duty owed to the plaintiff." *Id.* (quoting *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 766 (5th Cir. 2011)).

But, under its plain language, Section 1361 "does not grant jurisdiction to consider actions asking for other types of relief – such as injunctive relief," since "[a]n injunction 'is a remedy to restrain the doing of injurious acts' or to require 'the undoing of injurious acts and the restoration of the status quo,' whereas 'mandamus commands the performance of a particular duty that rests on the defendant or respondent, by operation or law or because of official status.'" *Wolcott*, 635 F.3d at 766 (citation omitted).

If mandamus jurisdiction does exist, relief under Section 1361 "may only issue when (1) the plaintiff has a clear right to relief, (2) the defendant a clear duty to act,

and (3) no other adequate remedy exists." *Id.* at 768 (citing *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980); *Green v. Heckler*, 742 F.2d 237, 241 (5th Cir. 1984)).

As to the first two requirements, "[i]n short, mandamus does not create or expand duties, but merely enforces clear, non-discretionary duties already in existence." *Id.*

For no other adequate remedy to be available "requires the exhaustion of any adequate administrative remedies before a court may issue mandamus." *Id.* (citing *Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984)). That is, "[o]rdinarily mandamus may not be resorted to as a mode of review where a statutory method of appeal has been prescribed." *Id.* (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 27-28 (1943)). And, "[a]n alternative remedy, including an administrative remedy, is adequate if it is 'capable of affording full relief as to the very subject matter in question.'" *Id.* (citing *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969) (per curiam)).

But, "[e]ven when a court finds that all three elements are satisfied, the decision to grant or deny the writ remains within the court's discretion because of the extraordinary nature of the remedy." *Id.* (citing *United States v. Denson*, 603 F.2d 1143, 1146 (5th Cir. 1979) (en banc)). Mandamus is therefore "reserved for extraordinary circumstances." *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (citing *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 403 (1976)).

Here, Tong has not demonstrated that he has a clear right to the mandamus relief that he seeks: up to $500 from the BOP. The BOP's decision to provide up to $500 is completely in its discretion.

Section 3624

provides authority for "release gratuity," a/k/a "gate money" which a departing prisoner may be given:
> (d) Allotment of clothing, funds, and transportation.--Upon the release of a prisoner or the expiration of the prisoner's term of imprisonment, the Bureau of Prisons shall furnish the prisoner with--
> (1) suitable clothing;
> (2) an amount of money, not more than $500, determined by the Director to be consistent with the needs of the offender and the public interest, unless the Director determines that the financial position of the offender is such that no sum should be furnished; and
> (3) transportation...

18 U.S.C. § 3624(d). The BOP, in turn, has promulgated 28 C.F.R. § 571.20 Purpose and Scope, which implements the statute, by providing as follows:
> It is the policy of the Bureau of Prisons that an inmate being released to the community will have suitable clothing, transportation to the inmate's release destination, and some funds to use until he or she begins to receive income. Based on the inmates need and financial resources, a discretionary gratuity up to the amount permitted by statute may be granted.

28 C.F.R. § 571.20. The BOP manual for application of these provisions is Program Statement 5873.06.

The law governing these gratuities is clear and uncomplicated. The terms of the statute provide that the maximum sum which a prisoner may be given is $500, and also provide that a prisoner may be denied any sum at all. 18 U.S.C. § 3624(d)(2). Most importantly, the statute leaves the amount of the gratuity to be "determined by the Director to be consistent with the needs of the offender and the public interest." *Id*. Likewise, the BOP regulation implementing the statute refers to the "funds" as "a discretionary gratuity." 28 C.F.R. § 571.20.

Accordingly, there is no question that the decision for each out-going prisoner is discretionary, must be made by the BOP, must be independently set for each prisoner, and can be any amount up to the $500 maximum. The courts addressing the issue agree. *Kenan v. Francis*, 2006 WL 3900109 (N.D.W. Va. 2006) (not selected) (citing *Palmer v. Bureau of Prisons*, 2006 WL 533511 (D. Or. 2006) for the proposition that "gate money to departing inmates ... is merely a discretionary gratuity"); *see also Morrow v. Rios*, 2009 WL 924525 at *14 (D. Minn. 2009) ("[W]hether to grant a prisoner a release gratuity, is

purely discretionary").

*McGuire v. Hudgins*, No. 5:20-cv-8, 2020 WL 5415253, at *2-*3 (N.D.W. Va. Aug. 6, 2020) (cleaned up), *rec. adopted*, 2020 WL 5414565 (N.D.W. Va. Sept. 9, 2020).

## Recommendation

The Court should deny Petitioner Wai Ho Eric Tong's construed petition for a writ of mandamus under 28 U.S.C. § 1361.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. And any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 27, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE